```
                  UNITED STATES DISTRICT COURT
                           FOR THE
                  MIDDLE DISTRICT OF PENNSYLVANIA


RIGOBERTO FELIPE MONIER,         :
                                 :
         Petitioner              :       CIVIL NO. 4:CV-05-2062
                                 :
    v.                           :
                                 :
                                 :       (Judge Conaboy)
RONNIE HOLT, ET AL.,             :
                                 :
                                 :
         Respondents             :
```
_____

## MEMORANDUM AND ORDER
## Background

Rigoberto Felipe Monier, an inmate presently confined at the Schuylkill Federal Correctional Institution, Minersville, Pennsylvania ("FCI-Schuylkill"), filed this pro se habeas corpus petition. Named as Respondents are the United States of America, the Federal Bureau of Prisons ("BOP") and FCI-Schuylkill Warden Ronnie Holt. Service of the petition was previously ordered.

Petitioner states that during June, 2004, he was issued a disciplinary report while confined at the Federal Vorrectional Institution, Elkton, Ohio ("FCI-Elkton"). Specifically, he was charged with being the author of a note threatening "Inmate Gimenez" with bodily harm. Doc. 1, p. 2. An investigation was conducted by Lieutenant Montgomery. He was subsequently found guilty of the charge by Disciplinary Hearing Officer ("DHO") Biafore and was sanctioned to a thirty (30) day term of

disciplinary segregation, a twenty-seven (27) day loss of good time credit, and was recommended for a disciplinary transfer.

Monier's petition contends that he was denied due process during his disciplinary proceedings because Lieutenant Montgomery did not retain a handwriting expert and he was denied the opportunity to confront and examine evidence and witnesses. The Petitioner indicates that Montgomery used a "first glance comparison" as a basis for determining that Monier was the author of the threatening note. Id. at p. 6. He seeks restoration of his forfeited good time credit and expungement of the disciplinary report.

## **Discussion**

The Fourteenth Amendment of the United States Constitution provides in pertinent part: "No State shall . . . deprive any person of life, liberty, or property, without due process of law . . . ." The Supreme Court has mandated a two-part analysis of a procedural due process claim: first, "whether the asserted individual interests are encompassed within the . . . protection of 'life, liberty or property[,]'" and second, "if protected interests are implicated, we then must decide what procedures constitute 'due process of law.'" Ingraham v. Wright, 430 U.S. 651, 672 (1977). If there is no protected liberty or property interest, it is obviously unnecessary to analyze what procedures were followed when

2

an alleged deprivation of an interest occurred.  Liberty interests protected by the Fourteenth Amendment may arise either from the Due Process Clause itself or from state law.  <u>Meachum v. Fano</u>, 427 U.S. 215, 223-26 (1976).  In <u>Wolff v. McDonnell</u>, 418 U.S. 539, 563-73 (1974), where the plaintiffs were deprived of good time credits as a severe sanction for serious misconduct, the Supreme Court held that such inmates have various procedural due process protections in a prison disciplinary proceeding.

The Supreme Court recognized in <u>Wolff</u> that "prison disciplinary proceedings are not part of a criminal prosecution and the full panoply of rights due a defendant in such proceedings does not apply."  <u>Id</u>. at 556.  Nonetheless, the Court held that a prisoner facing serious institutional sanctions such as a loss of good time credits is entitled to some procedural protection before penalties can be imposed.  <u>Id</u>. at 563-71.  It set forth five requirements of due process in a prison disciplinary proceeding: (1) the right to appear before an impartial decision-making body; (2) twenty-four hour advance written notice of the charges; (3) an opportunity to call witnesses and present documentary evidence, provided the presentation of such does not threaten institutional safety or correctional goals; (4) assistance from an inmate representative, if the charged inmate is illiterate or if complex issues are involved; (5) a written decision by the fact finders as to the evidence relied upon and the rationale behind their disciplinary action.  <u>Id</u>.  An additional procedural requirement was

set forth in <u>Superintendent, Massachusetts Correctional Inst. at Walpole v. Hill</u>, 472 U.S. 445, 453-56 (1985). In that case, the Court held that there must be some evidence which supports the conclusion of the disciplinary tribunal. Our Court of Appeals for the Third Circuit in <u>Griffin v. Spratt</u>, 969 F.2d 16, 19 (3d Cir. 1992), thereafter recognized that the above due process requirements must be satisfied in a prison disciplinary hearing.

In <u>Sandin v. Conner</u>, 515 U.S. 472, 480-84 (1995), the United States Supreme Court reiterated that the <u>Wolff</u> due process safeguards must be provided when, as in the instant case, the challenged disciplinary proceeding results in a loss of good time credits. <u>See</u> also <u>Young v. Kann</u>, 926 F.2d 1396, 1399 (3d Cir. 1991) (a federal prisoner has a constitutionally protected liberty interest in good time credit); <u>Von Kahl v. Brennan</u>, 855 F. Supp. 1413, 1417 (M.D. Pa. 1994). In conclusion, since Monier was sanctioned to a loss of good time credits, his allegations relating to those disciplinary proceedings will be reviewed under the <u>Wolff</u> and <u>Hill</u> standards.

Under <u>Wolff</u>, it is required that an inmate accused of a disciplinary infraction be provided with twenty four (24) hour advance written notice of the charges against him. The present petition contains no allegation that the advance notice mandate of <u>Wolff</u> was violated. Furthermore, the undisputed record confirms that Petitioner received proper advance written notice of the charges against him. There is also no contention that the fact

4

finder, DHO Biafore, failed to issue a written decision. Consequently, both of those <u>Wolff</u> procedural safeguards were satisfied.

There is also no claim that Petitioner requested and was denied assistance from an inmate representative. On the contrary, the undisputed record establishes that Monier waived his right to representation by a staff representative. <u>See</u> Doc. 1, Exhibit 4. Consequently, this prong of <u>Wolff</u> was also satisfied. <u>Wolff</u> also includes a procedural safeguard which requires that an inmate facing institutional disciplinary charges be granted an opportunity to call witnesses and present documentary evidence. However, this privilege is not absolute. Specifically, a prisoner's request to present evidence may be denied if it would threaten institutional security or correctional goals.

In conclusion, a federal court in this type of case, has no duty to independently assess the witnesses' credibility or weigh the evidence, but only to see that there was some evidence or basis in fact to support the finding of guilt. <u>Hensley v. Wilson</u>, 850 F.2d 264 (6th Cir. 1988). The court in <u>Hensley</u> added that a disciplinary tribunal's failure to explain why alibi testimony was not found credible did not constitute a due process violation. <u>See id</u>. at 278. Accordingly, DHO Biafore did not violate Petitioner's due process rights by accepting Lieutenant Montgomery's testimony that the threatening note was comparable to a sample of Petitioner's handwriting. The failure of the DHO to submit the

document for analysis by a handwriting expert did not violate <u>Wolff</u>.

The findings in a disciplinary hearing are not arbitrary or capricious if there exists a basis in fact to support a disciplinary hearing officer's findings. <u>Edwards v. White</u>, 501 F. Supp. 8 (M.D. Pa. 1979). Certainly, there existed such a basis in this case.

Based on the foregoing discussion, it is apparent that the disciplinary proceeding which is the subject of this action satisfied Monier's federal due process rights. The petition for writ of habeas corpus will be denied. An appropriate Order will enter.

AND NOW, THEREFORE, THIS 21st DAY OF DECEMBER, 2005, IT IS HEREBY ORDERED THAT:

    1.   The petition for writ of habeas corpus is denied.

    2.   The Clerk of Court is directed to close the case.

    3.   Based on the court's decision herein, there is no basis for the issuance of a certificate of appealability

                                                     <u>S/Richard P. Conaboy</u>

                                        RICHARD P. CONABOY
                                        UNITED STATES DISTRICT JUDGE